IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| THEODORE PEREZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | JUDGE _____ |
| THE CITY OF HUNTINGTON | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, **THEODORE PEREZ**, "Plaintiff", files this Original Complaint against **THE CITY OF HUNTINGTON**, "Defendant", and alleges as follows:

## I.
## JURISDICTION AND THE PARTIES

A. **Federal Jurisdiction**

1. Plaintiff, **THEODORE PEREZ**, is an individual who is domiciled in Texas and within this judicial district.

2. Upon information and belief, Defendant, **THE CITY OF HUNTINGTON** hereafter referred to as **HUNTINGTON**, is a municipal entity under the laws of the State of Texas.

3. **HUNTINGTON** has its principal place of business at 802 US Highway 69 South, Huntington, Texas and is doing business in the State of Texas in this judicial district.

4. This court has original subject matter jurisdiction over this controversy pursuant to 42 U.S.C. § 2000e-5.

B. **Venue**

5. Plaintiff, **THEODORE PEREZ**, was employed by Defendant, **HUNTINGTON**, in Angelina County, Texas.

6. Defendant is located in the Eastern District of Texas.

7. Venue as to Defendant is proper in the Eastern District, Marshall Division pursuant to 28 U.S.C. § 1391 as a substantial part of the events or

conditions which gave rise to this claim occurred in the Eastern District of Texas.

## II.
## FACTS

8. Whenever in this pleading it is alleged that Defendant, **HUNTINGTON**, did any act or omission, such act or omission, includes Defendant's officers, agents, servants, employees and representatives and that such action was performed with full authorization of Defendant's officers, agents, servants, employees or representatives.

9. Plaintiff is a Hispanic Male of Mexican-American descent.

10. Plaintiff, **THEODORE PEREZ**, was a long time employee of **HUNTINGTON** working in the Utility Department until October, 2009 when he was terminated for failing to attend an office birthday party thrown to celebrate his birthday. At the time of the birthday party, Plaintiff was attending a visitation at a local funeral home with his wife.

11. Up until that time, Plaintiff had served admirably with the City of Huntington in the Utility Department.

12. Three other white employees of the City of Huntington also failed to attend this same birthday party. None of these individuals were terminated or disciplined for their failure to attend the birthday party.

13. Plaintiff is unsure who made the decision to terminate his employment except that it was a white employee of Defendant acting under the color of law when the termination was made.

14. To the extent that Defendant claims that Plaintiff engaged in a course of conduct over several months that led to the termination, other white employees engaged in the same or similar conduct and were not disciplined or terminated by the Defendant.

15. Plaintiff was replaced by a white male.

16. In the alternative, Plaintiff's termination for failing to attend his own birthday party was merely a ruse as Defendant needed to reduce its budget and was on the lookout for an employee to terminate in order to reduce

payroll.  Plaintiff was selected rather than white males with less seniority, less experience and less service with the Defendant.

## III.
## RACE DISCRIMINATION

17. Defendant has violated 42 U.S.C. § 2000e-2.
18. The Plaintiff was at all times material an employee within the definition of 42 U.S.C. § 2000e(f).
19. Plaintiff repeats and re-alleges Paragraph 8.
20. Defendant was at all times material an employer as defined in 42 U.S.C. § 2000e(b) for the reason that Defendant has more than fifteen (15) employees.
21. Plaintiff was at all times material qualified for the position of Machine Operator.
22. Plaintiff is now and was during all applicable times a Hispanic Male.
23. Plaintiff re-alleges Paragraphs 9-16.
24. Defendant discriminated against the Plaintiff by treating him differently on the basis of his race.  Specifically, other white males who did not attend Mr. Perez's birthday party were not disciplined and were not terminated.
25. Alternatively, Defendant needed to trim its payroll and selected the Plaintiff to be terminated rather than white employees with less tenure and less experience in the Utility Department of Defendant.
26. Defendant failed to treat Plaintiff, a Hispanic male, the same for all employment related purposes and failed to treat him the same as other white employees.
27. Defendant terminated Plaintiff because he was Hispanic.
28. Defendant's conduct was intentional.
29. Plaintiff suffered damages as alleged in Section VII.

## IV.
## NATIONAL ORIGIN DISCRIMINATION

30. Defendant has violated 42 U.S.C. § 2000e-2.

31. The Plaintiff was at all times material an employee within the definition of 42 U.S.C. § 2000e(f).

32. Plaintiff repeats and re-alleges Paragraph 8.

33. Defendant was at all times material an employer as defined in 42 U.S.C. § 2000e(b) for the reason that Defendant has more than fifteen (15) employees.

34. Plaintiff was at all times material qualified for the position of Machine Operator.

35. Plaintiff is now and was during all applicable times a Mexican American.

36. Plaintiff re-alleges Paragraphs 9-16.

37. Defendant discriminated against the Plaintiff by treating him differently on the basis of his national origin.  Specifically, other white males who did not attend Mr. Perez's birthday party were not disciplined and were not terminated.

38. Alternatively, Defendant needed to trim its payroll and selected the Plaintiff to be terminated rather than white employees with less tenure and less experience in the Utility Department of Defendant.

39. Defendant failed to treat Plaintiff, a Mexican American, the same for all employment related purposes and failed to treat him the same as other white employees.

40. Defendant terminated Plaintiff because of his Mexican ancestry.

41. Defendant's conduct was intentional.

42. Plaintiff suffered damages as alleged in Section VII.

## V.
## PLAINTIFF'S DISABILITY 42 U.S.C. § 1983 CAUSE OF ACTION

43. Plaintiff was discharged from her employment by an employee of Defendant.

44. The Defendant was acting under the color of law when it discharged Plaintiff.
45. Plaintiff reports and re-alleges Paragraphs 9 through 16.
46. Plaintiff's race and/or national origin was the motivating factor behind the Defendant's decision to discharge Plaintiff from employment.
47. Plaintiff suffered damages as alleged in Section VII.

## VI.
## PLAINTIFF'S 42 U.S.C. § 1983 DUE PROCESS CAUSE OF ACTION

48. The Defendant has promulgated personnel policies and administrative procedures regarding employment matters.
49. The Defendant failed to follow Chapter 8 of its administrative procedures and/or employee handbook by not engaging in the progressive disciplinary process before terminating the Plaintiff.  Further, Defendant's mayor never reviewed Plaintiff's termination with him as required by Chapter 8.
50. The Defendant's discharge and failure to follow its own written administrative procedures and/or employee manual violated Plaintiff's constitutional due process rights.
51. Plaintiff suffered damages as alleged in Section VII.

## VII.
## DAMAGES

52. As a result of Defendant's discriminatory termination of Plaintiff, Plaintiff is entitled to back pay, front pay, compensatory damages, punitive damages, attorney's fees, expert fees, interest and costs of court, pursuant to 42 U.S.C. § 2000e-5(g)(1), and 42 U.S.C. § 1981a(b).
53. As a result of Defendant's termination, Plaintiff seeks reinstatement to his position with Defendant with pursuant to 42 U.S.C. § 2000e-5(g)(1) and 42 U.S.C. 1981 a (b).

54. As a result of Defendant's violation of Plaintiff's civil rights and due process, Plaintiff is entitled to nominal damages, actual damages and punitive damages.

55. Plaintiff demands a jury.

## VIII.

## **PRAYER**

Wherefore, premises considered, **PLAINTIFF** prays for a judgment in which he is:

A. Awarded back pay, front pay, compensatory damages, punitive damages, attorneys fees, expert fees, interest and costs of court;

B. Reinstated to his employment position with full salary and benefits.

C. Awarded such other relief that this court deems just and proper.

                                          Respectfully submitted,

                                          _____/s/_____

                                          WARREN T. MCCOLLUM
                                          FENLEY & BATE, L.L.P.
                                          P.O. Box 450
                                          Lufkin, Texas 75902-0450
                                          TPN:   (936) 634-3346
                                          FXN:   (936) 639-5874
                                          SBN:   24013127

                                          ATTORNEYS FOR PLAINTIFF
                                          **THEODORE PEREZ**